UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | Criminal No.12-cr-10165-IT |
| DERVON BENEDICT, | * | |
| | * | |
| Defendant. | * | |

ORDER

January 20, 2015

TALWANI, D.J.

On January 9, 2015, this court held a hearing on Dervon Benedict's <u>Motion for Early Termination of Supervised Release</u> [#3]. The court DENIES that motion without prejudice but modifies the terms of the supervised release as set forth below.

In his motion papers, Benedict seeks early termination of supervised release on two grounds. First, Benedict asserts that he has proven to be a supervised release "success story." He has been fully compliant with the conditions of his supervised release for the past three years, he is employed, and his employers and landlord write letters in support of his character. Second, Benedict asserts that the notice requirements under the terms of his supervised release and his work have made it difficult for him to travel overseas to Cape Verde to see family. At the hearing on the motion, Benedict's counsel argued further that the terms of supervised release have made it difficult for Benedict to seek a transfer of his employment out-of-state.

Under 18 U.S.C. § 3583(e)(1), after considering certain factors set forth in § 3553(a), a court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." Here, the court is unable to determine on the

current record whether termination of supervised relief is appropriate. One of the relevant factors is "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Probation Office points to Benedict's criminal history as a career offender in considering him a moderate risk. At the hearing, Benedict's newly appointed counsel argued that the specific details of that criminal history do not justify the present assessment. Benedict was not sentenced in this district, however, and the court file does not provide any details, beyond argument of counsel, concerning Benedict's criminal history and prior convictions. Without such documentation concerning Benedict's criminal history, the court is unable to determine that early termination is "warranted by . . . the interests of justice." Accordingly, after considering the factors set forth in § 3553(a), the court hereby DENIES WITHOUT PREJUDICE Benedict's Motion for Early Termination of Supervised Release [#3].

Under 18 U.S.C. § 3583(e)(2), a court may modify the terms of supervised release. After considering the factors set forth in § 3553(a), the court is satisfied that a modification to lessen Benedict's difficulties traveling abroad and to help facilitate Benedict's ability to apply for employment positions in other states is warranted in light of Benedict's ongoing compliance with the conditions of his supervised release and his changed behavior and lifestyle, as reflected in the submitted letters of reference. Accordingly, the court hereby modifies the terms of Benedict's supervised release and orders that Benedict may travel abroad with seven days notice to probation, without the need for approval by the court or probation. The court further directs probation to assist Benedict in transferring jurisdiction to another court in the event Benedict secures employment in another state.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge